UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL L. GILMORE, JR.,          )
                                       )
          Plaintiff,          )
                                       )
          v.                 )       No. 2:19-cv-00372-JRS-MJD
                                       )
BROCK BUCHANAN, Officer,      )
                                       )
          Defendant.     )

**Entry and Order**

Plaintiff Michael L. Gilmore, Jr. filed his Second Amended Complaint against Defendant Brock Buchanan, alleging that Plaintiff's Fourth and Fourteenth Amendment rights were violated when Officer Buchanan wrongfully arrested him (false arrest) and placed him in the Knox County Jail (false imprisonment) on an invasion of privacy charge.  Gilmore appears to bring his federal claims under 42 U.S.C. § 1983. He alleges that he spent approximately twenty-four hours in jail before he was released because he was the wrong person arrested and the charges against him were dropped.  It appears that Gilmore also brings claims for malicious prosecution and defamation.  (ECF No. 30 at 3.)  He seeks money damages and a public apology.  This case comes before the Court on Defendant's Motion to Screen Second Amended Complaint (ECF No. 33), Plaintiff's Motion for Assistance with Recruiting Counsel (ECF No. 34), and Plaintiff's Motion for a copy of the docket sheet (ECF No. 36).

*Whether the Complaint States a Claim*

Defendant's Motion to Screen the Second Amended Complaint (ECF No. 33) is **denied**. While the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, requires courts to screen complaints brought by prisoners, the PLRA applies only to claims brought be persons who are incarcerated at the time of the filing of the complaint. 28 U.S.C. § 1915A(c). A former prisoner who is released from custody before filing a complaint is not considered a "prisoner" within the meaning of § 1915A(c). *Olivas v. Nev. Ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1284 (9th Cir. 2017). Gilmore was incarcerated at the Knox County Jail at the time he filed his Second Amended Complaint. However, it appears from the docket that he is no longer incarcerated. As a result, Gilmore is no longer a prisoner within the meaning of the PLRA. Therefore, Defendant's Motion to Screen the Second Amended Complaint is **denied**.

However, the fact that the PLRA is inapplicable now is not the end of the inquiry. 28 U.S.C. § 1915(e), which applies to *in forma pauperis* proceedings, directs the district courts to dismiss an action at any time if the court finds that it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Gilmore is proceeding *in forma* pauperis; thus this statute applies to this case. To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Second Amended Complaint contains insufficient factual matter to state a plausible claim for false arrest, false imprisonment, or defamation against Officer Buchanan. The complaint is wholly lacking in suggesting how Officer Buchanan may be held liable for malicious prosecution. Gilmore must set forth basic facts about his arrest, detention, defamation and, if applicable, malicious prosecution, to survive screening. *See* Fed. R. Civ. P. 8(a). Mere conclusory allegations will not do. *Twombly*, 550 U.S. at 557.

Because the Second Amended Complaint fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). However, this action will not be dismissed at this time, and Gilmore will be allowed yet another opportunity to amend his complaint to state a claim. Plaintiff shall have through **November 20, 2020**, within which to file a third amended complaint. The third amended complaint must: (a) comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) include a demand for the relief sought; and (c) identify what legal injury the plaintiff claims to have suffered. If an amended complaint is timely filed, it will be screened. If it is not timely filed, this action will be dismissed for failure to state a claim upon which relief can be granted.

*Request for Counsel*

Plaintiff seeks the Court's assistance with recruiting counsel (ECF No. 34). The request is **denied** as premature. Because the claims in the Second Amended Complaint cannot proceed, it would be inappropriate to attempt to recruit counsel to assist Plaintiff at this time. Furthermore, the Seventh Circuit has stated that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 846 (7th Cir. 2013).

*Request for Copy of Docket*

Plaintiff's motion requesting a copy of the docket (ECF No. 36) is **granted.** The Clerk is **directed** to send Plaintiff a copy of the public docket sheet along with a copy of this Entry and Order.

*Conclusion*

Defendant's Motion to Screen Second Amended Complaint (ECF No. 33) is **denied**. Nonetheless, the Court finds that the Second Amended Complaint fails to state a claim upon which relief can be granted. As a result, Defendant need not file an answer or other response to the Second Amended Complaint. Plaintiff has through **November 20, 2020**, within which to file a third amended complaint that meets the pleading requirements set forth above.

Plaintiff's Motion for Assistance with Recruiting Counsel (ECF No. 24) is **denied** as premature.

Plaintiff's Motion for a copy of the docket (ECF No. 36) is **granted**.  The Clerk **is**

**directed** to send Plaintiff a copy of the public docket sheet along with this Entry and

Order.

    **SO ORDERED.**


Date:   10/20/2020

                                   JAMES R. SWEENEY II, JUDGE
                                   United States District Court
                                   Southern District of Indiana


Distribution:

MICHAEL L. GILMORE, JR.
101 N.E. 4th St.
Washington, IN 47501

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Winston Lin
INDIANA ATTORNEY GENERAL
winston.lin@atg.in.gov